IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**RIDLEY'S FAMILY MARKETS, INC. et. al,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:20-CV-00173 TS-JCB<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants Ridley's Family Markets, Inc. and Ridley's Food Corporation (collectively "Ridley") Motion to Compel Mediation ("Motion").[2] The court heard oral argument on the motion on March 9, 2021.[3] At the conclusion of the hearing, the court took the matter under advisement. For the reasons set forth below, the court finds that compelling the parties to mediate at this juncture will prove unproductive and inefficient, and therefore denies the Motion.

---

[1] ECF No. 17.

[2] ECF No. 23.

[3] ECF No. 32.

## BACKGROUND

After investigation, the United States brought a civil action against Ridley for allegedly violating various provisions of the Controlled Substances Act.[4] Specifically, the United States alleges that Ridley's practices in filling prescriptions for opioid medication warrants civil penalties and injunctive relief.[5] Ridley contends that the Ridley did not offend the requirements of the Controlled Substances Act and, consequently, moved to dismiss this action.[6] That motion is pending before Judge Stewart and briefing is not yet complete.

Shortly after filing its motion to dismiss, Ridley filed the instant motion seeking an order compelling the United States to mediate its claims against Ridley.[7] The United States responds that mediation would not be productive at this point in the litigation and strongly opposes the motion.[8]

## ANALYSIS

Although the court may, in its discretion, require the parties to participate in mediation, it declines to do so at this juncture in the proceedings. The court has at least four sources of authority to order non-binding mediation: (a) local rules, (2) an applicable statute, (3) the Federal

---

[4] 21 U.S.C. §§ 801 to 971.

[5] ECF No. 2 at 21 to 22.

[6] ECF No. 21.

[7] ECF No. 23.

[8] ECF No. 25.

Rules of Civil Procedure, and (4) the court's inherent authority.[9] Ridley contends that two of these four sources apply here and militate in favor an order to mediate: local rules DUCivR 16-2 and 16-3 and the court's inherent authority.[10] Each are discussed below in turn.

In the District of Utah, only two local rules apply to mediation here. First, DUCivR 16-2 allows the court to refer a matter to mediation "after consultation with the <u>parties at the initial scheduling conference</u> either on motion of one or more parties or on the court's motion."[11] However, because the parties have not had a scheduling conference, this rule does not apply. Second, DUCivR 16-3 provides that "[t]he assigned judge may require, or any party may at any time request, the scheduling of a settlement conference" before a United States Magistrate Judge. Unlike DUCivR 16-2, Rule 16-3 does not require a scheduling conference. Despite granting the assigned judge authority to order mediation, Rule 16-3 does not provide any guidance as to how the court's discretion for ordering a settlement conference is to be executed. Thus, although local rule authorizes the court to order a settlement conference, the court must look elsewhere for guidance as to how it should exercise this discretion.

This is where the court's inherent authority comes in. Although a court has authorization by local rule and inherent authority to order mediation as a way of managing the litigation before it, the court must be mindful that "[w]hen mediation is forced upon unwilling litigants, it stands

---

[9] *In re Atlantic Pipe Co.*, 304 F.3d 135, 140 (1st Cir. 2002).

[10] ECF No. 23 at 1, 4-5. Ridley's also mentions the Alternative Dispute Resolution Act of 1998, 28 U.S.C. §§ 651 to 658 and Fed. R. Civ. P. 16(c)(2)(I) as sources of authority, but as Ridley correctly notes, these sources relate to the formation of the court's alternative dispute resolution program and refer back to the court's local rules for authority to order mediation in the context of a scheduling order.

[11] DUCivR 16-2(e) (emphasis added).

to reason that the likelihood of settlement is diminished. Requiring parties to invest substantial amounts of time and money in mediation under such circumstances may well be inefficient."[12] Here, the United States has clearly stated that it does not want to participate in mediation at this early stage of the litigation because a motion to dismiss is pending, and it needs to conduct more discovery. The current resistance of the United States to mediate strongly militates against ordering mediation because doing so is unlikely to be fruitful regardless of the United States' amenability to settling other cases of a similar ilk.

Additionally, the fact that the United States is bringing this civil action in its sovereign, law enforcement capacity further counsels hesitation to compel mediation here. Congress instructed that "[n]othing in [28 U.S.C. § 652] shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States . . . ."[13] This concern is especially acute where, as here, the United States brings a civil action in its sovereign, law enforcement capacity instead of acting as a mere proprietor of its own proprietary interests.[14] Although this is a civil action, courts are precluded by rule and the doctrine of Separation of Powers from ordering the United States and a criminal defendant to engage in plea negotiations to settle a pending prosecution.[15] Indeed, merely ordering the United States and a criminal

---

[12] *In re Atlantic Pipe Co.*, 304 F.3d at 144.

[13] 28 U.S.C. § 652(c).

[14] *Cf. Light v. United States*, 220 U.S. 523, 536-37 (1911) (recognizing the legal difference between the United States acting as a legal sovereign and as a proprietor over its own proprietary interests).

[15] Fed. R. Crim. P. 11(c)(1) (stating that a court cannot participate in plea discussions); *United States v. Davila*, 569 U.S. 597, 608, 613 (holding that United States Magistrate Judge committed structural error by inserting himself into plea negotiations between the United States and the defendant).

defendant to sit down with or without a private mediator and discuss whether they can "work something out" would be an improper intrusion of the Article III branch of government into the exclusive prerogative of the Article II branch of government to enforce the law. Although this is not a criminal case—and although the court may ultimately have the authority to order mediation even when the United States is acting in a sovereign, civil law enforcement capacity—the United States' reluctance to negotiate in its civil law enforcement capacity is at least enough to counsel against ordering mediation here considering the practical concerns expressed in the preceding paragraph. Given this sovereignty concern and the practical concerns of ordering a reluctant party to mediation, the court will not use its discretion to order mediation despite the salutary effects that may be realized from such an exercise.

## ORDER

For the reasons stated above, the court DENIES the Motion to Compel Mediation.[16]

DATED this 11th day of March 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[16] ECF No. 23.