IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>RIDLEY'S FAMILY MARKETS, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING UNITED STATES' MOTION TO STRIKE PORTIONS OF DEFENDANT'S REPLY BRIEF OR IN THE ALTERNATIVE FOR LEAVE TO FILE A RESPONSE<br><br>District Judge Ted Stewart<br><br>Case No. 1:20-CV-173-TS-JCB |

This matter is before the Court on United States' Motion to Strike Portions of Defendant's Reply Brief or in the Alternative for Leave to File a Response. For the following reasons, the Court will deny the Motion.

I. BACKGROUND

In this case, the United States seeks civil penalties and injunctive relief against Defendant Ridley's Family Markets, Inc. ("Ridley's") for alleged violations of the Controlled Substances Act. Ridley's submitted a motion to dismiss the United States' claims under Rule 12(b)(6).[1] The United States submitted a memorandum in opposition to the motion to dismiss (the "Opposition"),[2] and Ridley's submitted a reply in support of its motion to dismiss ("Ridley's

---

[1] Docket No. 30.

[2] Docket No. 31.

1

Reply" or the "Reply").³ Then, the United States filed a Motion to Strike, arguing the Court should strike or grant it leave to respond to certain portions of Ridley's Reply that raise new arguments beyond the matters raised in the Opposition.⁴

## II.     DISCUSSION

This Court's local rules limit reply memoranda "to rebuttal of matters raised in the opposition memoranda."⁵ "Where a party raises new materials or new arguments in a reply brief, the Court may either allow the nonmovant to respond in a surreply or disregard the new matters in ruling on the motion."⁶

The United States argues Ridley's Reply raises two new arguments: (1) 21 C.F.R. § 1306.04(a) requires the United States to identify an individual or actual pharmacist who knew a prescription was illegitimate when he or she filled it and (2) the collective knowledge theory is not sufficient to establish the knowledge requirement in 21 C.F.R. § 1306.04(a). Both arguments relate to the knowledge requirement—the main topic in Ridley's motion to dismiss and in the Opposition. In its initial motion, Ridley's argues that the United States must allege a Ridley's pharmacist had actual knowledge that a prescription was not valid.⁷ In its Opposition, the United States repeatedly references "Ridley's pharmacists" collectively when discussing the knowledge

---

³ Docket No. 36.

⁴ Docket No. 39.

⁵ DUCiv 7-1(b)(2)(C).

⁶ *LNV Corp. v. Hook*, No. 14-cv-00955-RM-CBS, 2015 WL 5679723, at *3 (D. Colo. Sept. 25, 2015) (citing *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006)).

⁷ Docket No. 30, at 11 ("The CSA required a subjective assessment of each prescription and the pharmacist's knowledge at the time it was filled.").

requirement. Therefore, Ridley's arguments in its Reply are not new arguments but are responses to the Opposition. Thus, the Court will deny the Motion to Strike.

### III.   CONCLUSION

It is therefore

ORDERED that United States' Motion to Strike Portions of Defendant's Reply Brief or in the Alternative for Leave to File a Response (Docket No. 39) is DENIED.

DATED May 26, 2021.

BY THE COURT:

_____
TED STEWART
United States District Judge