# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RIDLEY'S FAMILY MARKETS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENADANT'S AFFIRMATIVE DEFENSES<br><br>Case No. 1:20-cv-173-TS-JCB<br><br>Judge Ted Stewart |

This matter comes before the Court on Defendant's affirmative defenses challenged in a Motion for Summary Judgment[1] filed by Plaintiff the United States of America. As discussed below, the Court will grant the motion in part for Plaintiff on Defendant's affirmative defenses.

## I. BACKGROUND

The case's background is discussed in greater detail in the Memorandum Decision and Order Denying Plaintiff's Motion for Summary Judgment. Defendant Ridley's Family Markets, Inc. ("Ridley's") is a grocery store chain that operates a pharmacy in Morgan, Utah, licensed by the Drug Enforcement Administration ("DEA"). Plaintiff claims Ridley's violated the Controlled Substances Act (the "CSA") when it dispensed prescriptions that exhibited "red flags" that the pharmaceutical industry associates with illegitimate prescriptions.

On February 20, 2024, Plaintiff filed a Motion for Summary Judgment. Defendant filed its Opposition on April 26, 2024. Plaintiff filed its Reply on May 24, 2024.

---

[1] Docket No. 98 (SEALED).

## II. LEGAL STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[2] In determining whether a genuine dispute of material fact exists, the Court considers whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3] "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."[4] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[5]

"The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact."[6] Once a movant has carried its initial burden, "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[7]

## III. DISCUSSION

Defendant asserts 18 affirmative defenses in its answer. Plaintiff seeks summary judgment that these defenses are inapplicable. Defendant admits that many affirmative defenses were resolved during fact discovery, but that four categories of affirmative defenses cannot be

---

[2] FED. R. CIV. P. 56(a).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[5] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[6] *Adler*, 144 F.3d at 670.

[7] *Id.* at 671 (quoting FED. R. CIV. P. 56(e)).

resolved based on the undisputed facts: (1) contrary to public policy; (2) equitable defenses, including comparative fault, unclean hands, and equitable estoppel; (3) fairly debatable; and (4) compliance with law and regulations.[8]

An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true."[9] "By its nature, an affirmative defense does not negate the elements of a plaintiff's claim, but instead precludes liability even if all of the elements of a plaintiff's claim are proven."[10] "Where a so-called affirmative defense does nothing more than rebut a plaintiff's claims directly, the defense should be stricken."[11]

### A. CONTRARY TO PUBLIC POLICY

The contrary to public policy affirmative defense typically arises in contract law and blocks enforcement of a clause that violates a fundamental principle of public welfare.[12] Plaintiff argues that there is no issue of material fact that the government actions and the CSA aim to protect public health and safety. Defendant responds that the sought-for penalty is excessive, especially given the lack of clear CSA guidance on pharmacy standards, and thus violates public policy.

There is no dispute that the CSA's purpose to protect the public against substance abuse is for the public good, so the issue is whether Plaintiff's sought-for penalty is excessive despite

---

[8] Docket No. 137, at 47–50 (SEALED).

[9] *Defense*, BLACK'S LAW DICTIONARY (12th ed. 2024).

[10] *Lints v. Graco Fluid Handling (A) Inc.*, 347 F. Supp. 3d 990, 1009 (D. Utah 2018) (internal quotation marks and citation omitted).

[11] *Id.* (internal quotation marks and citation omitted).

[12] RESTATEMENT (SECOND) OF CONTRACTS § 178 (1981).

the DEA's lack of official red flag guidance. Although the Tenth Circuit has considered evidence of red flags when assessing CSA violation allegations,[13] the Court is not convinced that there is no genuine issue of material fact about whether Plaintiff's sought-for relief is excessive and violates public policy, especially as Plaintiff places the burden of the entire case upon a standard that is not part of the CSA. Therefore, the Court denies summary judgment for Plaintiff on this affirmative defense.

### B.  EQUITABLE DEFENSES

Plaintiff argues that equitable defenses cannot be invoked against the government when enforcing a congressional mandate. In response, Defendant argues that exceptions apply, namely comparative fault, unclean hands, and equitable estoppel, based on Plaintiff's alleged unconstitutional conduct in its investigation.

#### 1. Comparative Fault

"Comparative fault is not an affirmative defense to liability . . . but [is] rather a theory for the apportionment of damages if liability is found."[14] Defendant argues that Utah law allows it to shift fault to a non-party. However, Defendant did not comply with the state statute or local rule DUCivR 9-1, which both require a party seeking to shift fault to a nonparty to file "(1) a description of the factual and legal basis on which fault can be allocated" and "(2) information known or reasonably available to the party that identifies the nonparty, including name, telephone number, address, and employer."

#### 2. Unclean Hands

---

[13] *See, e.g.*, *United States v. Otuonye*, 995 F.3d 1191 (10th Cir. 2021).

[14] *United States v. Hubenka*, No. 10-CV-93-J, 2012 WL 12792144, at *3 (D. Wyo. Jan. 20, 2012).

Courts in this District have ruled that the unclean hands doctrine cannot be applied against a government agency that is "attempting to enforce a congressional mandate in the public interest"[15] unless the party proponent can show that the agency's behavior when investigating was "egregious and the resulting prejudice to the defendant [rose] to a constitutional level,"[16] prejudicing the party proponent's defense. Defendant argues that the remedy Plaintiff seeks (an injunction, revocation of the Morgan pharmacy's license, and a $10 Million civil penalty) is constitutionally disproportionate and arbitrary as it is based on unresolved "red flag" standards used in the investigation.

The undisputed facts support that Plaintiff is attempting to enforce a congressional mandate in the public interest because the DEA is a federal agency fulfilling its role specified under the CSA. Despite Defendant's proposed expert witness's report that the DEA mishandled the case and that Plaintiff's case is based on unsupported red flag circumstantial evidence, Defendant has not presented facts indicating that the DEA's investigation or the prosecution was conducted in an "egregious" manner that prejudiced Defendant's constitutional rights.

   3. Equitable Estoppel

Equitable estoppel cannot apply against the government unless there was "affirmative misconduct" on the government's part.[17] "Affirmative misconduct" requires "an affirmative act of misrepresentation or concealment of a material fact," while "[m]ere negligence, delay, inaction, or failure to follow agency guidelines does not constitute affirmative misconduct."[18]

---

[15] *SEC v. Avanti Cap. Partners, LLC*, No. 2:12-cv-788, 2013 WL 12110066, at *1 (D. Utah Dec. 12, 2013) (internal quotation marks and citation omitted).

[16] *Id.* (internal quotation marks and citation omitted).

[17] *Penny v. Giuffrida*, 897 F.2d 1543, 1546 (10th Cir. 1990) (citing *INS v. Hibi*, 414 U.S. 5 (1973)).

[18] *Bd. of Cnty. Comm'rs v. Isaac*, 18 F.3d 1492, 1499 (10th Cir. 1994) (citations omitted).

Although Defendant alleges that DEA diversion investigators misreported information to Ridley's and mishandled its investigation, Defendant has not presented sufficient evidence to support that there is a disputed material fact that Plaintiff engaged in affirmative misconduct.

Because there is no question of material fact that the equitable remedy defenses are inapplicable, the Court will grant summary judgment in favor of Plaintiff.

### C. FAIRLY DEBATABLE

The fairly debatable defense is applied mostly in insurance contexts, precluding summary judgment on an insurer's denial of benefits if "reasonable minds could disagree as to the coverage-determining facts or law."[19] Similarly, in local government contexts, this defense directs a court to find for the party asserting the defense if it is fairly debatable that the party's action "could promote the general welfare, or even if it is reasonably debatable that it is in the interest of the general welfare."[20]

Defendant argues that because red flags are not standardized and because the pharmacists' actions "were subject to multiple interpretations, were ambiguous, or were fairly debatable, it cannot be that the defendant acted with willful blindness to its wrongness."[21] However, this claim is a general denial and not affirmative defense because it simply "negate[s] the elements" of Plaintiff's claim that the pharmacists violated the CSA.[22] Thus, the fairly

---

[19] *Wheatridge Office, LLC v. Auto-Owners Ins. Co.*, 578 F. Supp. 3d 1187, 1206 (D. Colo. 2022) (internal quotation marks and citation omitted); *see also Blakely v. USAA Cas. Ins. Co.*, No. 2:06-cv-00506 BSJ, 2012 WL 6115625 at *15 n.49 (D. Utah Dec. 10, 2012).

[20] *Smith Inv. Co. v. Sandy City*, 958 P.2d 245, 252 (Utah 1998) (reviewing zoning ordinances) (internal quotation marks and citation omitted).

[21] Docket No. 137, at 49 (SEALED) (citing *ReportHost LLC v. Spectora Inc.*, No. 22-cv-00457-DDD-SKC, 2023 WL 2782285, at *3) (D. Colo. Mar. 29, 2023)).

[22] *Lints*, 347 F. Supp. 3d, at 1009.

debatable defense has no application here and the Court will grant summary judgment for Plaintiff.

### D. COMPLIANCE WITH LAW AND REGULATIONS

Defendant argues that because there are disputed facts concerning whether the pharmacists complied with the CSA, the compliance with law and regulations affirmative defense precludes summary judgment.

As discussed above, "[w]here a so-called affirmative defense does nothing more than rebut a plaintiff's claims directly, the defense should be stricken."[23] This defense "does nothing more than rebut [P]laintiff's claim directly" because Defendant claims that it complied with the CSA, but Plaintiff claims that it did not.[24] Thus, this affirmative defense does not apply as a matter of law.

## IV. CONCLUSION

It is therefore

ORDERED that Plaintiff the United States' Motion for Summary Judgment (Docket No. 98) is GRANTED on the equitable, fairly debatable, and compliance with law and regulations affirmative defenses, and DENIED on the contrary to public policy affirmative defense.

DATED January 21st, 2025.                                    BY THE COURT:

_____
TED STEWART
United States District Judge

---

[23] *Id.* (citation omitted).

[24] *Id.*